Green *et. al. vs.* Carey.

No. 31.—GEORGE W. GREEN, plaintiff in error, *vs.* EDWARD
    CAREY, assignee, &c. defendant in error.

[1.] Where C. had been appointed an assignee of a bank, for the purpose of
    collecting the assets for the benefit of the creditors thereof, and after the
    expiration of nearly six years from the time of his appointment, a bill was
    filed against him for discovery and account of his actings and doings,
    in regard to the trust property; and the defendant filed a *plea in bar*,
    alleging that the affairs of the bank were greatly embarrassed by various
    law suits, and very much complicated, and that he had expended more
    money than he had collected, &c: *Held*, on demurrer to his plea, that it
    was no legal or equitable bar to the complainant's right to a discovery and
    account from the defendant, of his actings and doings in regard to the trust
    property in his hands.

In Equity, in Muscogee Superior Court. Decision by Judge
IVERSON, May Term, 1851.

George W. Green, a creditor of the Bank of Columbus, filed
a bill against Edward Carey, the assignee of the bank, alleging that
the complainant is a judgment creditor, founded upon the bills
of the bank; that Carey, as assignee, received, in 1843, assets
to the amount of $630,000, and should have collected at least
$500,000. The prayer was for an account and payment.

Carey filed two pleas to this bill. *First*, that by advice of
counsel, and in accordance with the decisions of this Court, de-
fendant received from the debtors of the Bank of Columbus, the
bills of the Bank of Columbus, and consequently did not collect,
and has not collected in current funds, more than $12,000. The
exact amount he cannot state, from the destruction of his books
by fire. That the expenses of the trust are very heavy, on ac-
count of the many large law suits now pending in favor of and
against the assignee; that their expenses have not been less than
$20,000, being $8,000 more than he has received.

*Second*, that there are pending several large and heavy law
suits, for and against the assignee, the result of which is ex-
ceedingly doubtful, and if adverse to the assignee, will require a
large amount to pay costs, fees, &c. (the plea here specified the

various suits;) that it is impossible for defendant to accountd at this time; that the delay has been from no laches of defendant, but from the difficulty of getting parties to trial; that defendant has been vigilant and energetic in executing his trust, &c.

Complainant demurred to these pleas as insufficient. The Court overruled the demurrer, and this decision is assigned as error.

Jas. Johnson, for plaintiff in error.

W. Dougherty, for defendant.

*By the Court.*—Warner, J. delivering the opinion.

[1.] This is a bill filed by the complainant, who is the creditor of the Bank of Columbus, and one of the *cestui que trusts* under the deed, appointing the defendant, the *trustee,* of the assets of the bank.

The defendant, as it appears from the bill and exhibits, has had the assets of the bank in his hands nearly *six years* before the commencement of the complainant's suit for the discovery of his actings and doings in relation thereto. Has the complainant, as one of the *cestui que trusts,* a right to the discovery which he seeks from the defendant? Mr. *Story* states the rule to be, that it is the duty of the trustee to prevent any waste or delay, or injury to the trust property; to keep *regular accounts ;* to afford *accurate* information to the *cestui que trust,* of the disposition of the trust property, and if he has not all the proper information, to seek for it, and if practicable, to obtain it. Finally, he is to act in relation to the trust property with *reasonable* diligence, for if he should betray supine indifference or gross negligence, in regard to the interests of the *cestui que trust,* he will be held responsible. 2 *Story's Equity,* 516, §1275. There is no limitation of time, as to the right of the complainant to institute a suit against the defendant to account, as in the case of executors and administrators, and if there was, we should think that *six years* was at least a *reasonable* time to enable him

to give an exact statement of the condition of the estate in his hands.

But he defends himself from making any such disclosure, by what his counsel insist is a *plea in bar*, the amount of which is, that owing to the great number of suits pending in regard to the fund, and the complicated state of the assets, and the condition thereof, he is protected *in Law* from making any discovery whatever, as to his six years' stewardship.

The defendant does not deny being trustee as charged; does not deny having the assets in his hands, but says he has not collected in current funds more than $12,000, and that his expenses have not been less than $20,000, $8,000 more than he has collected. Mr. Maddock states the rule correctly, when he says, " The defence proper for a plea must be such as reduces the cause to a *particular point*, which will *bar the plaintiff's demand*, and then it is of use, because by having the judgment of the Court upon *that point*, the parties are saved the expense of an examination." 2 *Maddock's Ch. Practice*, 299. A plea does not deny the equity, but brings forward a *fact*, or series of circumstances, forming, in their combined result, some *one fact*, which displaces the equity. A plea good as to the *relief* prayed by the bill, is also good as to the *discovery*. *Ibid.*

No part of the defendant's *pretended* plea, denies the complainants right to the relief which he seeks, but denies that he is seeking it at the *proper time.* Six years is too soon to call me to an account for my actings and doings, says the defendant, in regard to this very complicated estate. All we have to say is, that in our judgment, the complainant has both the legal and equitable right to have an account of his actings and doings, in regard to the trust property, during the time he has had it in his possession, and when he gives such an account, if it shall appear, that the estate is in such a condition that no decree can be made with safety to the rights of defendants, and the other *cestui que trusts*, why then, the Court will make such an order, and give such a direction to the case, as will protect the rights of all the parties in interest, but the trustee himself will not be

permitted to be the *exclusive judge* of that matter. Let him make a full and fair showing of his actings and doings in regard to the trust funds placed in his hands, under the deed of assignment, and the exact condition of the same, and then the Court will be enabled to judge whether the fund has been properly managed for the benefit of the *cestui que trusts,* and whether they are entitled to a decree against the defendant, for the payment of any portion of the funds in his hands, or which he ought to have there, by the exercise of due and proper diligence. The defendant's *pretended* plea will not protect him from accounting. He must make a full and fair disclosure of his actings and doings, according to the rules and proceedings in Courts of Equity applicable to such cases.

Let the judgment of the Court below be reversed.